Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 8475 | **DATE** | 9/2/2004 |
| **CASE TITLE** | Lewkowicz vs. Littlefuse, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's motion for summary judgment and motion to strike

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, defendant's motion for summary judgment on plaintiff's Age Discrimination and Employment Act claim [11-1] is granted. Defendant's motion to strike [16-1] is granted in part and denied in part. Enter final judgment in favor of defendant and against plaintiff. Case Terminated.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | SEP 0 3 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| X | Docketing to mail notices. | | | 21 |
| X | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| courtroom deputy's initials | | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Janusz Lewkowicz, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) Case No. 02 C 8475 ) ) Honorable Joan B. Gottschall |
| Littlefuse, Inc. | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Janusz Lewkowicz brought this action against his former employer, defendant Littlefuse, Inc. ("Littlefuse"), alleging violations of the Age Discrimination and Employment Act ("ADEA"), 42 U.S.C. § 621, *et seq.* Specifically, Plaintiff claims that he was unlawfully discharged from defendant's employ during a company-wide reduction in force ("RIF") because of his age. Now before the court is defendant's motion for summary judgement, which, for the reasons that follow, is granted.

### I. BACKGROUND[1]

---

[1] The facts contained herein are undisputed and taken from the parties' own statements of undisputed facts. Defendant has filed a motion to strike certain of plaintiff's responses to defendant's statement of undisputed facts as either inadequately responsive to defendant's alleged fact, unsupported by citations to the record, based solely on plaintiff's personal belief, or contradictory to plaintiff's discovery responses. This motion is granted in part and denied in part. After reviewing defendant's statement of facts against plaintiff's responses, the court finds that plaintiff's responses in paragraphs 13, 45, and 65 fail to respond to the

Defendant Littlefuse is a leading manufacturer of surge protection devices. Defendant's manufacturing facility in Des Plaines, Illinois, where plaintiff worked, produces 15 to 20 million fuses per day. In May of 1997 defendant hired plaintiff, then 47 years old, as a tool and machine builder/troubleshooter in defendant's mechanical maintenance department. At his time of hire and all times thereafter, plaintiff was designated as a maintenance associate with a Class II skill and pay level, the lowest of defendant's three skill classifications for this particular job, and assigned to work the third shift at defendant's Des Plaines factory. As a Class II maintenance associate, plaintiff's job responsibilities at Littlefuse included executing basic maintenance tasks, such as repairing defective parts in machines and performing minor tooling from simple blueprints under supervision. In contrast, defendant's Class III associates were called upon to execute more significant maintenance tasks with minimal supervision, such as rebuilding machines and parts from blueprints, and to supervise or mentor other employees. Defendant typically scheduled its more complex maintenance projects for its first shift, on which its more highly skilled Class III and VI associates worked.

Beginning in late 1998, Plaintiff was supervised directly by the third shift foreman, Curtis Monday, and more generally by the molding and fabrication manager, John Adamczyk. Both supervisors participated in defendant's decisions to hire and

---

substance of defendant's allegations, and the responses in paragraphs 56, 57, 64, 71, 75, 78, 79, and 84 are unsupported by the portions of the record cited; therefore, these responses will be stricken. However, the court finds plaintiff's responses in paragraphs 21, 36, 38, 59, and 74 to be properly stated, responsive, and supported by the record; consequently, these responses will not be stricken.

classify machine builders, including plaintiff. Plaintiff received acceptable performance reviews from Monday and Adamczyk during his employ with defendant and, pursuant to his labor contract, earned automatic pay raises.

While plaintiff was employed with defendant, the company posted several new job openings for Class III machine builder positions. Plaintiff never applied in writing for any of these openings, and eventually two of the positions were filled by new, younger hires. On April 17, 2000, defendant hired 40 year-old John Adamczyk ("John A." – no relation to supervisor Adamczyk) as a Class III machine builder, and on November 6, 2000, defendant hired 28 year-old Scott Morris, also as a Class III machine builder. Plaintiff claims that he made repeated verbal inquiries to his supervisors about a promotion to Class III before and after these jobs were filled by Morris and John A., but that his supervisors told him he would have to wait to receive a promotion to the higher class due to economic considerations.

After a downturn in the economy in 1999, defendant laid off approximately 300 non-union production and office associates company-wide, including 179 at its Des Plaines facility from February 2001 to October 2001. In August of 2001, defendant reduced its union maintenance associate workforce for the first time. Plaintiff and other maintenance associates at Littlefuse are represented by the Tool and Die Local Lodge 113, International Association of Machinists and Aerospace Workers ("union"). The labor contract between defendant and the union provided, in relevant part:

> 3. Application of Seniority. In all applications of seniority under this Agreement, where present skill and ability to perform the available work and physical fitness are relatively equal, seniority

> shall be the deciding factor. The Company, in its sole discretion, shall determine the necessary qualifications of an employee and all questions of skill, ability and physical fitness, and shall determine whether or not an employee shall be promoted. An unreasonable determination by the Company shall be subject to the grievance procedure set forth herein.
>
> 4. Layoffs and Recalls. A) In the event of a reduction in the work force, all probationary employees in the affected departments shall be laid off first, the employees with seniority shall thereafter be laid off in the reverse order of seniority within the classifications in the departments affected subject, however, to the provisions of Section 3 of this Article.

In compliance with the labor contract and after consulting with union leadership regarding which union employees held the lowest classifications of skills and abilities, defendant decided to permanently lay off all of its Class II maintenance associates. This resulted in the termination of two employees, plaintiff and Dimitrios Kangadis. In the aftermath of defendant's RIF, it retained several Class III machine builders who were as old as or older than plaintiff (who was 51 when he was laid off) but has not hired any new Class II machine builders since plaintiff's termination.

While Kangadis accepted a severance package and signed a release agreement with defendant, plaintiff filed a grievance based on being "laid off out of seniority." Adamczyk denied the grievance and told plaintiff that the labor contract required defendant to lay off union workers in order of skill and ability, and that only if skill level and physical ability were equal among workers could defendant make lay offs based on seniority. Plaintiff never filed a grievance complaining of defendant's failure to promote him to the level of Class III machine builder. Plaintiff did, however, pursue his age discrimination grievance through every level of the grievance process without

success before filing an age discrimination charge with the EEOC. This lawsuit timely followed.

## II. DISCUSSION

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In determining whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in favor of that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Neither "the mere existence of some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, nor the existence of a "metaphysical doubt," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), is sufficient to defeat a motion for summary judgment.

The ADEA bars an employer from discriminating against any individual in the "compensation, terms, conditions, or privileges of employment" because of the individual's older age. 29 U.S.C. § 623(a)(1); *Solon v. Gary Community Sch. Corp.*, 180 F.3d 844, 849 (7th Cir. 1999). Plaintiff in this case has no direct evidence of age discrimination, but this is not unusual. "Direct evidence, such as an employer statement that reveals hostility to older workers, is rarely found." *Castleman v. Acme Boot Co.*, 959 F.2d 1417, 1420 (7th Cir. 1992). Instead, plaintiff must rely on the

burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). *See also Thorn v. Sundstrand Aero. Corp.*, 207 F.3d 383, 386 (7th Cir. 2000). Under this framework, a plaintiff first must establish the four elements of a *prima facie* case of age discrimination. If the plaintiff succeeds, there is a presumption that he suffered discrimination, and the burden of proof shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its employment action. If the defendant proffers a legitimate, nondiscriminatory reason, then the burden shifts back to the plaintiff to prove that the defendant's reason was mere pretext. If the plaintiff succeeds in casting sufficient doubt on the legitimacy of the defendant's excuse, "the case proceeds to trial." *Miller v. Borden, Inc.*, 168 F.3d 308, 313 (7th Cir. 1999).

To establish a *prima facie* case of age discrimination, the plaintiff must demonstrate that "(1) he belongs to a protected class [age forty or older]; (2) he performed his job satisfactorily; (3) he suffered an adverse employment action; and (4) his employer treated similarly-situated employees outside of his protected class more favorably." *Stockett v. Muncie Ind. Transit Sys.*, 221 F.3d 997, 1001 (7th Cir. 2000). Here, defendants concede that plaintiff has satisfied the first three elements of his *prima facie* case: he has presented evidence to show that he is over 40 years of age and was performing his job satisfactorily when he was terminated by defendant. With respect to the fourth element, defendant admits that at least two younger employees, Morris and John A., were retained after the RIF and are doing some of the same work that plaintiff had been doing prior to his termination. Defendant argues, however, that

these employees are not similarly situated to plaintiff because they are Class III machine builders while plaintiff held Class II status.

Plaintiff argues that, notwithstanding their different job classifications, he is similarly situated to Morris and John A. because they all possessed comparable skills and abilities and performed essentially the same jobs. *See Radue v. Kimberly-Clark Corp.*, 219 F.3d 612, 618 (7th Cir. 2000) (considering employees who possessed analogous attributes, experience, education, and qualifications to be similarly situated). An employee may prove himself similarly situated to others with different job titles or positions by showing substantial similarity in job responsibilities, education, experience, performance, qualifications, and workplace conduct. *Zaccagnini v. Charles Levy Circulating Co.*, 338 F.3d 672, 676 (7th Cir. 2003); *Radue*, 219 F.3d at 618 ("[A]n employee need not show complete identity in comparing [himself] to the better treated employee, but he must show substantial similarity.").

Even drawing all reasonable inferences in favor of plaintiff, the court cannot conclude that plaintiff is similarly situated to Morris and John A. Under the burden-shifting approach, plaintiff carries the burden of producing evidence that he, as a Class II machine builder, was in fact similarly situated to the Class III machine builders who were not terminated by defendant in August of 2001. Plaintiff's only evidence in support of his position are his own averments that he "is capable of rebuilding a part from a complex blueprint," that his twenty years of machine-building experience at other companies is at least as extensive as Morris's and John A.'s experience, and that he was told by his supervisors that his promotion to Class III machine builder was on

hold due to economic considerations. Plaintiff offers no evidence comparing his past experience and resume or his actual job responsibilities while employed with defendant to Morris's or John A.'s past experience or on-the-job responsibilities. In fact, plaintiff admitted during his deposition that he has no knowledge of either Morris's or John A.'s actual qualifications or on-the-job performance at Littlefuse.

Plaintiff's strongest argument is that Morris performed many of plaintiff's tasks once plaintiff was terminated, but this alone is insufficient to prove that defendant's classification of plaintiff as a Class II machine builder and Morris and John A. as Class III machine-builders was meaningless. *Gustovich v. AT&T Communications, Inc.*, 972 F.2d 845, 848 (7th Cir. 1992) (finding plaintiff's self-serving evaluations of his own skills insufficient to contradict employer's assessment of employee's ability); *Dale v. Chicago Tribune Co.*, 797 F.2d 458, 464 (7th Cir. 1986) ("This court does not sit as a super-personnel department that reexamines an entity's business decisions."). Here, defendant provided evidence that the job of Class III machine-builder demands the ability to execute complex repairs, supervise other employees, and work largely unsupervised. Defendant also asserts that plaintiff did not possess the level of ability required by the job of Class III machine builder, while both Morris and John A. demonstrated that they did. Moreover, defendant provided uncontroverted evidence that Morris's performance on the job was "excellent."

Plaintiff simply has not presented sufficient evidence calling into doubt defendant's classification of him as a Class II machine builder or of Morris and John A. as Class III machine builders. Plaintiff has not provided evidence that either Morris

or John A. were unqualified to earn their Class III status, or that plaintiff was more qualified and still earned only Class II status. *Ghosh v. Ind. Dep't of Envtl. Mgmt.*, 192 F.3d 1087, 1091 (7th Cir. 1999) (finding employees similarly situated when new hires held similar or lesser qualifications for the job). Plaintiff also has not presented evidence that he is capable of performing the tasks required of a Class III builder, except for his own belief that, had defendant asked him to perform more complex jobs, he would have been able to do so. The factual record before the court supports defendant's assertion that the job responsibilities of Class II and Class III machine builders are distinct and that plaintiff did not qualify as a Class III machine builder. Without additional evidence in the record (beyond plaintiff's own self-serving assessment of his abilities and skills) from which the court can infer that the two classifications are meaningless, the court must conclude that plaintiff is not similarly situated to Morris and John A. *See Dalton v. Subaru-Isuzu Auto.*, 141 F.3d 667, 676 (7th Cir. 1998) (finding employer in best position to define job criteria).

Because plaintiff cannot demonstrate that he is similarly situated to younger, Class III machine-builders, he cannot establish the fourth element of his *prima facie* case. Under the *McDonnell Douglas* framework, plaintiff's failure to make out his *prima facie* case is fatal to his age discrimination claim, and summary judgment must be entered in favor of defendant.

## III. CONCLUSION

Plaintiff has failed to establish a *prima facie* case of age discrimination based on defendant's decision to terminate all of its Class II machine-builders, including plaintiff. Therefore, summary judgment is entered in favor of defendant and against plaintiff on plaintiff's ADEA claim.

ENTER:

Joan B. Gottschall
United States District Judge

DATED: September 2, 2004